IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ELBERT LEE WILLIAMS | * | |
| Plaintiff | * | |
| vs. | * | CASE NO. 4:11-CV-83 (CDL) |
| Warden ANTHONY WASHINGTON, | * | 42 U.S.C. § 1983 |
| Defendant | * | |

**ORDER**

Plaintiff ELBERT LEE WILLIAMS, an inmate at Rutledge State Prison in Columbus, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

*I. REQUEST TO PROCEED IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby GRANTED.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby ORDERED that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of Plaintiff shall forward said payments from Plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C. § 1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where Plaintiff is confined.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

### III. STATEMENT AND ANALYSIS OF CLAIMS

Plaintiff claims that he was placed in a shower for approximately two and one-half hours and then placed in a "cage outside" for approximately four hours. (Pl.'s Compl. 4, ECF NO. 1.) He states that this was "just cruel . . . punishment . . . when they had cells to put [him] in." Plaintiff alleges that he was "handscuffed (sic) in [his] back" while he was in the shower for two hours and was not allowed to go to the restroom.

Plaintiff also alleges that "his life [was] threatened" by an unnamed lieutenant. Plaintiff states that he is "afraid to be at this prison" and wants to be transferred. Plaintiff's 42 U.S.C.

3

§ 1983 form, however, clearly shows that prior to filing this action, he did not file a grievance to bring his various complaints to the attention of prison officials. He states that "no one wanted to assistance (sic) him with" filing a grievance and he thought that a grievance would go nowhere.

Plaintiff's action must be dismissed for several reasons. First, Plaintiff's complaint is defective because he did not exhaust administrative remedies prior to filing his lawsuit in this Court, as he is required to do under 42 U.S.C. §1997e(a). Section 1997e(a) provides as follows: "No action shall be brought with respect to prison conditions under . . . 42 U.S.C. § 1983, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) (exhaustion is required when plaintiff seeks monetary damages, declaratory and injunctive relief, or both).

The Eleventh Circuit Court of Appeals has explained that "an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000)(citing *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999)). Before filing a § 1983 complaint in a federal court, a prisoner must have filed an administrative grievance and received a ruling on the grievance. *Id.* at 1207. Additionally, a prisoner must have pursued the appeal of any denial of relief through all levels of administrative review that make up the administrative grievance process. *See Woodford v. Ngo*, 548 U.S. 91 (2006) (Prison Litigation Reform Act ("PLRA") requires "proper exhaustion"); *Booth*, 532 U.S. at 740; *Moore v. CO2 Smith*, 18 F. Supp. 2d 1360, 1362 (N.D. Ga. 1998) (holding that a prisoner § 1983 action in which the denial of a grievance was not appealed must be dismissed under § 1997e). The exhaustion requirement is mandatory and cannot be waived even if the prisoner alleges, as Plaintiff does in this case, that the

4

grievance process is futile or inadequate. *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998). The Supreme Court has explained that the requirement a prisoner exhaust his administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 531 (2002). In short, a prisoner must file a grievance and appeal any denial of his grievance before initiating his 42 U.S.C. § 1983 action.

The Court realizes that "failure to exhaust is an affirmative defense under the" PLRA. *Jones v. Bock*, 549 U.S. 199 (2007). However, "a complaint may be dismissed if an affirmative defense, such as failure to exhaust, appears on the face of the complaint." *Anderson v. Donald*, 261 Fed. Appx. 254, 255 (11th Cir. 2008). In this case, assuming Plaintiff's complaint is true, he clearly states that he did not file a grievance. Therefore, Plaintiff's action could be dismissed for this reason alone.

Normally, the Court would dismiss Plaintiff's complaint without prejudice due to his failure to exhaust administrative remedies. However, Plaintiff's complaint suffers from other defects as well.[1] Plaintiff has named Warden Anthony Washington as the only Defendant in this action. However, Plaintiff has made no allegations against Warden Washington in his complaint. A § 1983 claim must allege a causal connection between a defendant and an alleged constitutional violation. *See Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986). Warden Washington is subject to dismissal on this ground alone.

---

[1] 42 U.S.C. § 1997e(c)(2) provides that "[i]n the event that a claim is, on its face, frivolous, malicious, fails to state claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies."

Moreover, to any extent that Plaintiff is attempting to hold Warden Washington responsible for the actions of his unnamed employees, it is well settled that a supervisory official is not liable under § 1983 solely on the basis of respondeat superior or vicarious liability. *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). Instead, there must be an affirmative link between the defendant's action and the alleged constitutional deprivation. *Gilmere v. City of Atlanta*, 774 F.2d 1495, 1504 (11th Cir. 1985). A plaintiff must show one of the following: (1) that the supervisor personally participated in the unconstitutional conduct; (2) that a history of widespread abuse put the supervisor on notice of the need to correct the alleged deprivation, and the supervisor failed to do so; (3) that the supervisor's custom or policy resulted in deliberate indifference to the plaintiff's constitutional rights; or (4) that the facts support an inference that the supervisor instructed his subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). In this case, plaintiff has in no way connected Warden Washington to his Eighth Amendment allegation of cruel and unusual punishment.

Plaintiff also complains that he is frightened to remain at Rutledge State Prison because he has been threatened. Threats of physical harm or other similar verbal abuse do not amount to violations of a federal constitutional right. *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983); *Stacey v. Ford*, 554 F. Supp. 8 (N. D. Ga. 1982). Therefore, such threats are not actionable in a 42 U.S.C. § 1983 action.

Finally, Plaintiff has filed two "Motion(s) for Transfer" (ECF No. 3, 7) in which alleges that the medical staff at Rutledge State Prison has been "unprofessional about medical attention and treatment", that his further confinement will "undoubtedly have disastrous effects on [his] menal (sic) and physical health," and that "the cert-team jump on me on 7-19-11 because I didn't

want to go to class."[2]  He, therefore, requests to be transferred to "some medical institution." A prisoner has no constitutional right to remain in, or be transferred to, any prison.  *Meachum v. Fano*, 427 U.S. 215 (1976); *Adams v. James*, 784 F.2d 1077 (11th Cir. 1986).  Therefore, to any extent that Plaintiff is requesting to be transferred to another prison, his request must be denied.  To any extent that Plaintiff is requesting to be released from "further confinement," the Court cannot, in a 42 U.S.C. § 1983 action, order such release. *Preiser v. Rodriquez*, 411 U.S. 475 (1973)(explaining that release from prison is not a remedy available in a 42 U.S.C. § 1983 action).

For these reasons, Plaintiff's 42 U.S.C. § 1983 action is DISMISSED pursuant to 28 U.S.C. § 1915A(b)because it fails to state a claim upon which relief can be granted and his "Motions for Transfer" is DENIED.

IT IS SO ORDERED, this 1st day of August, 2011.

s/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's conclusory allegations regarding the "unprofessional" and neglectful nature of the medical staff at Rutledge State Prison do not, in any respect, establish that any named defendant has been deliberately indifferent to Plaintiff's serious medical needs. **Error! Main Document Only.***Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991)(explaining that mere allegations of negligence or malpractice do not amount to deliberate indifference).